*1332 COX, Circuit Judge,
concurring in part and dissenting in part:
I do not join the court’s opinion, but concur in the holding that Reliance’s denial of Levinson’s 1995 claim was arbitrary and capricious given the limited administrative record before Reliance at the time it rejected the claim. The district court erred, however, by proceeding to conduct an inquiry into whether Levinson had remained disabled until the time of trial.
The role of the courts when plan participants file suit alleging the improper denial of benefits is to review the decisions made by plan administrators. See, e.g. Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137, 1139 (11th Cir.1989). In this case, the district court properly reviewed the two decisions made by Reliance, the initial denial in 1995 and the decision on Levinson’s appeal in 1996. But, the court then proceeded to try an issue never previously presented to Reliance: whether Levinson was still totally disabled at the time of trial in late 1999. This, in my opinion, was impermissible.
ERISA provides district courts with jurisdiction over actions for recovery of benefits allegedly improperly denied a plan participant. See 29 U.S.C. § 1132(a)(1)(B). It does not, however, empower courts to hear claims for benefits which were not first presented to and decided by the plan fiduciary. Here, Reliance made its last decision on Levinson’s eligibility for benefits on March 3, 1996. Accordingly, the proper course in this case would have been to remand the claim to Reliance with instructions to find that Levinson was totally disabled as of March 3,1996.
The district court, under the guise of trying the question of damages, proceeded to try the question of whether Levinson remained disabled through the time of trial — over three years after his initial claim was denied by Reliance on appeal.[1] That the district court conducted a trial on Lev-inson’s continuing disability is clear from the majority opinion — it reviews the court’s factual finding that Levinson remained disabled for “clear error.” This is justified, the majority concludes, in the interest of judicial efficiency, because all of the evidence before the district court demonstrated that Levinson’s condition had not improved and tended to show that he was still disabled. I disagree with this conclusion. Evidence that Levinson’s condition had not improved is not conclusive on the question of whether he continued to be disabled under the plan. As the majority notes, the relevant definition of disability is whether the participant is “capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis.” Therefore, in conducting an inquiry into whether Levinson was still disabled, Reliance could consider evidence of Levinson’s work history since March 3, 1996, the date on which his initial claim was denied on appeal.
The record in this case contains substantial evidence that Levinson, a real estate lawyer, has continued to practice law full-time since making his initial claim. Levin-son testified that he has continued to work steadily since 1995. (R.8 at 59). Although Levinson contended that he has worked at most five hours a day, he conceded on cross examination that his billing records for the period from September 1995 through January 1998 reflected that he worked six and seven hour days on numerous occasions and had also recorded days that he billed his clients for eight, ten and *1333 twelve hours of work. (R.8 at 73). For example, Levinson’s records showed that he worked six hours on September 19, 1995, seven hours on September 21, 1995 and ten hours on September 22, 1995. (R.8 at 69, 72, 73). Each of these days fell within one month of the day Levinson filed his disability claim. Levinson also admitted to billing in excess of twelve hours in a single day on two occasions, ten or more hours on two occasions, in excess of nine hours on one occasion, and eight or more hours on four occasions during the period between February 1996 and November 1997.[2] (R.8 at 69-71).
Although the district court apparently found that Levinson’s billing records significantly exaggerated the amount of time he worked, I suggest that Reliance — not the district court — was entitled to evaluate this evidence and make its own determination about whether Levinson was working full-time.[3] I conclude, therefore, that the district court tried an issue never addressed by the plan fiduciary. This was inappropriate under our precedent.

. The court had previously precluded Reliance from obtaining an independent medical examination of Levinson and from taking depositions on the ground that "the issue in this case is not the disability of [Levinson], but rather the decision of [Reliance].” (R.1-37, R.1-38.).

. The billing records evidence may not conclusively demonstrate that Levinson was working full-time in the period after his filed his claim. However, its existence does belie the assertion that all the evidence before the district court suggested that Levinson was still disabled under the terms of the plan. Because the record did contain evidence which tended to show that Levinson was no longer disabled, J believe that the goal of judicial economy does not support the district court's refusal to remand.

. The district court made no specific findings as to whether Levinson’s billing records accurately reflected the time he spent working, instead noting that Levinson had worked "part-time” since filing his disability claim.